**F. & M. SCHAEFER BREWING CO. v. UNITED STATES (MORRIS & CUMINGS DREDGING CO. third-party defendant).**

**Civ. A. No. 8148.**

United States District Court
E. D. New York.
March 3, 1954.

Hagen & Eidenbach, New York City, for plaintiff; by Henry C. Eidenbach, New York City, of counsel.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., for defendant and third party plaintiff; by Louis E. Greco, New York City, of counsel.

Burlingham, Hupper & Kennedy, New York City, for third party defendant; by Adrian J. O'Kane, New York City, of counsel.

INCH, Chief Judge.

This action was instituted on June 3, 1947 by plaintiff against the United States of America under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq., for the recovery of damages arising from the collapse of plaintiff's bulkhead and dock, fronting on the east side of Wallabout Bay and Channel in Brooklyn, New York. Plaintiff claimed that the collapse was the result of negligent dredging operations conducted by the Navy Department in the vicinity of plaintiff's property.

It is not disputed that between March 29, 1945 and April 21, 1945 the Navy Department conducted dredging operations in the vicinity of plaintiff's property for the purpose of berthing the Aircraft Carrier Coral Sea (later renamed the Franklin D. Roosevelt), after the vessel's launching from the Brooklyn Navy Yard where it was then under construction. The dredging work was ac-

tually performed by Morris and Cumings Dredging Co. under a contract with the government.

The bulkhead collapsed on June 28, 1946 approximately fourteen months after the completion of the dredging operations.

In this action, which was commenced on June 3, 1947, plaintiff has sued only the United States of America and has not asserted any claim against the third party defendant, Morris and Cumings Dredging Co. Perhaps the Statute of Limitations has now run on such a claim. However, on February 17, 1950 a third party complaint was filed by the United States of America against the said dredging company, seeking only indemnity or contribution in the event the Government was held liable.

At a pretrial hearing held before me the Government requested leave to amend the Ninth allegation of its answer to read as follows:

"Ninth: The dredging of Wallabout Creek referred to in Paragraph Third of the complaint constituted (1) a discretionary governmental function for which the Government has not consented to be sued and which is specifically excluded under Section 2680, Title 28 U.S.C.A., subdivision (a), and (2) a combatant activity of the naval forces during times of war and the Government has not consented to be sued for any damages caused by such activity, which is specifically excluded under Section 2680, Title 28 U.S.C.A., subdivision (j)."

Since the above defenses were addressed to the jurisdiction of the Court, leave was granted at the pretrial hearing for the Government to amend its answer.

The Government also moved to dismiss plaintiff's complaint on the basis of the above cited exceptions to the Federal Tort Claims Act, i. e., that the dredging operations constituted (1) a discretionary governmental function for which the Government has not consented to be

sued and (2) a combatant activity of the naval forces during time of war.

The third party defendant, Morris and Cumings Dredging Co., moved to dismiss the third party complaint on various grounds, including the above grounds raised by the Government on its motion to dismiss plaintiff's complaint.

After a careful consideration of the papers and briefs submitted on these motions, I am satisfied under the authorities that the Government's contention is correct that the complaint asserts a claim based upon the exercise or performance of a discretionary function of the Government within the meaning of the exception to the Federal Tort Claims Act. Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 and cases cited in footnotes 29 and 32; See also National Manufacturing Co. v. United States, 8 Cir., 210 F.2d 263. Accordingly, the Government's motion to dismiss the complaint is granted, and it follows that the third party defendant's motion to dismiss the third party complaint must also be granted.